IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00698-BNB

JOHN MATHEWS,

    Plaintiff,

v.

THE TRAVELERS,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 6 2011

GREGORY C. LANGHAM
                          CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, John Mathews, initiated this action by filing *pro se* a Complaint.  On

April 5, 2011, Mr. Mathews filed an amended complaint on the proper form.  The court

must construe the amended complaint liberally because Mr. Mathews is representing

himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a

*pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Mathews will be ordered to file a second amended complaint if he wishes to pursue his

claims in this action.

The court has reviewed the amended complaint and finds that the amended

complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mathews alleges that he was injured in an automobile accident due to the negligence of a construction company.  He further alleges that the construction company is insured by Defendant.  Mr. Mathews asserts that he settled his claim with Defendant for $1,500.00 and that, as part of the settlement, Defendant agreed to pay his medical bills.  However, Mr. Mathews contends that Defendant now refuses to pay his medical bills.

The amended complaint fails to comply with the pleading requirements of Rule 8 because Mr. Mathews fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In the jurisdiction portion of the amended complaint, Mr. Mathews cites three statutes, 28 U.S.C. §§ 1332, 1345, and 1348, and he writes "based on

United State[s] Defendant." It is clear that the court does not have jurisdiction over this action pursuant to either 28 U.S.C. § 1345, which provides original jurisdiction over actions commenced by the United States or an agency or authorized officer of the United States, or 28 U.S.C. § 1348, which provides original jurisdiction over certain actions in which a banking association is a party. Because the United States is not a named Defendant, the court also does not have jurisdiction over this action for that reason.

It is not clear whether the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Mr. Mathews fails to allege sufficient facts to demonstrate that diversity jurisdiction exists. Mr. Mathews alleges that Defendant is a Connecticut corporation doing business in the State of Colorado. However it is not clear if Mr. Mathews meets the amount in controversy requirement for diversity jurisdiction because he does not specify the amount of damages he is seeking in this action. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts of the United States shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Therefore, Mr. Mathews will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In addition to alleging sufficient facts to establish jurisdiction, Mr. Mathews "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

3

ORDERED that Mr. Mathews file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Mathews, together with a copy of this order, two copies of the following form: Complaint.  It is

FURTHER ORDERED that, if Mr. Mathews fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED April 26, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00698-BNB

John Mathews
10378 W. Wesley Dr
Lakewood, CO 80227

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on April 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk